IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| LISA HINANO REY, | ) | CIVIL NO. 11-00142 JMS/KSC |
| | ) | |
| Plaintiff, | ) | ORDER (1) ISSUING RULE 11 |
| | ) | SANCTIONS AGAINST |
| vs. | ) | PLAINTIFF'S COUNSEL, ROBIN |
| | ) | HORNER; AND (2) GRANTING |
| COUNTRYWIDE HOME LOANS, | ) | LEAVE TO FILE A SECOND |
| INC.; BANK OF AMERICA d/b/a BAC | ) | AMENDED COMPLAINT |
| HOME LOANS SERVICING, LP; | ) | |
| JOHN DOES 1-100; JANE ROES 1- | ) | |
| 100; DOE CORPORATIONS, | ) | |
| PARTNERSHIPS AND OTHER | ) | |
| ENTITIES 1-10 | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## ORDER (1) ISSUING RULE 11 SANCTIONS AGAINST PLAINTIFF'S COUNSEL, ROBIN HORNER; AND (2) GRANTING LEAVE TO FILE A SECOND AMENDED COMPLAINT

## I. INTRODUCTION

This court has repeatedly warned Plaintiff Lisa Hinano Rey's

("Plaintiff") attorney, Robin Horner ("Horner"), that he must allege claims that are

warranted by existing law or by a nonfrivolous argument for extending, modifying,

or reversing existing law or for establishing new law.  Despite these warnings,

Horner submitted an Amended Complaint that includes claims that are legally

baseless and which this court had already dismissed without leave to amend.

In light of Horner's apparent disregard for their Federal Rule of Civil Procedure 11 obligations, on August 26, 2011, the court ordered Plaintiff and Horner to show cause why Rule 11 sanctions should not be imposed (the "August 26, 2011 OSC"). On September 2, 2011, Plaintiff and Horner filed a Response to the Order to Show Cause, and a hearing was held on September 12, 2011. As explained below, the court finds that Rule 11 sanctions are warranted and SANCTIONS Horner as follows.

## II. <u>BACKGROUND</u>

As the court recited in its August 26, 2011 OSC, on March 7, 2011, Horner commenced this action on behalf of Plaintiff by filing a boilerplate Complaint (that is, a nearly identical Complaint that Horner has filed in several other actions) alleging claims against Defendants Countrywide Home Loans, Inc. and Bank of America d/b/a/ BAC Home Loans Servicing, LP (collectively, "Defendants"), for violations of various federal and state laws stemming from a mortgage transaction concerning real property located at 7429 Ainanani Place, Honolulu, Hawaii.

This court had already dismissed several of the boilerplate Complaints Horner had filed in other actions. Accordingly, on June 1, 2011, the court dismissed the Complaint for the same reasons the court had already outlined to

Horner on numerous occasions (the "June 1, 2011 Order"). *See* Doc. No. 21.

Specifically, the June 1, 2011 Order dismissed Plaintiff's claims for Truth in

Lending Act ("TILA") rescission and injunctive relief without leave to amend, and

dismissed Plaintiff's other claims with leave to amend. In dismissing the

Complaint, the June 1, 2011 Order further warned Horner of his Rule 11

obligations:

> Plaintiff's counsel's insistence on bringing the same
> deficient claims in each action, despite the numerous
> orders by the court explaining their deficiencies, results
> in a waste of parties' and this court's resources. The
> court therefore strongly cautions Plaintiff's counsel that
> he must be mindful of his duty to bring claims that are
> "warranted by existing law or by a nonfrivolous
> argument for extending, modifying, or reversing existing
> law or for establishing new law." Fed. R. Civ. P.
> 11(b)(2).

Doc. No. 21, June 1, 2011 Order at 8.

Plaintiff failed to timely file an Amended Complaint, and this action

was dismissed on June 29, 2011. Doc. Nos. 23, 24. Plaintiff subsequently filed a

Motion to Reopen the action, arguing excusable neglect on the basis that

"administrative error" caused Horner to miss the deadline to file an Amended

Complaint.

On August 12, 2011, the court granted Plaintiff's Motion to Reopen,

but warned Horner that the proposed Amended Complaint submitted in support of

the Motion to Reopen "appears to suffer from many of the same deficiencies as the

Complaint and which this court outlined in dismissing the Complaint."  Doc. No.

32 at 5.  The August 12, 2011 Order further explained:

> Deficiencies of the proposed Amended Complaint
> include, but are not necessarily limited to, failure to
> follow the court's June 1, 2011 Order.  For example, that
> Order dismissed Plaintiff's TILA rescission claim
> without leave to amend, yet the proposed Amended
> Complaint includes a claim for TILA rescission.  Further,
> the proposed Amended Complaint lumps "Defendants"
> together such that it is unclear what each Defendant
> allegedly did that can form the basis of a claim.  Plaintiff
> must carefully review the court's June 1, 2011 Order
> dismissing the Complaint to determine what claims she
> can amend and how to state a claim that is plausible on
> its face.  *Realleging claims dismissed without leave to
> amend is sanctionable.*

*Id.* at 5 n.2 (emphasis added).

Despite these warnings, Plaintiff filed an Amended Complaint on

August 24, 2011 that did not substantively differ from the proposed Amended

Complaint.

### III.  <u>FEDERAL RULE OF CIVIL PROCEDURE 11</u>

Federal Rule of Civil Procedure 11(b) requires that parties present

arguments that are warranted by the law and non-frivolous:

> By presenting to the court a pleading, written motion, or
> other paper -- whether by signing, filing, submitting, or
> later advocating it -- an attorney or unrepresented party

> certifies that to the best of the person's knowledge,
> information, and belief, formed after an inquiry
> reasonable under the circumstances:
>> (1) it is not being presented for any improper
>> purpose, such as to harass, cause unnecessary
>> delay, or needlessly increase the cost of litigation;
>> [and]
>> (2) the claims, defenses, and other legal
>> contentions are warranted by existing law or by a
>> nonfrivolous argument for extending, modifying,
>> or reversing existing law or for establishing new
>> law . . . .

Rule 11 applies to all pleadings, written motions and other papers presented to the court. Fed. R. Civ. P. 11(a).

Rule 11 "subject[s] litigants to potential sanctions for insisting upon a position after it is no longer tenable . . . ." Fed. R. Civ. P. 11 advisory committee's note (1993). In determining whether a party has violated Rule 11, the court applies an objective reasonableness standard. *Yagman v. Republic Ins.*, 987 F.2d 622, 628 (9th Cir. 1993). A showing of subjective bad faith is not required. *See Smith v. Ricks*, 31 F.3d 1478, 1488 (9th Cir. 1994) (noting that sanctions cannot be avoided by the "empty head, pure heart" defense); *Zaldivar v. City of L.A.*, 780 F.2d 823, 831 (9th Cir. 1986), *overruled on other grounds by Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990) (noting that the certification requirements of Rule 11 are violated "if the paper filed . . . is frivolous, legally unreasonable or without factual foundation, even though . . . not filed in subjective bad faith").

The court may, on its own, "order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)." Fed. R. Civ. P. 11(c)(3); *see also* Fed. R. Civ. P. 11(c)(5) (providing that a court may not issue sanctions on its own "unless it issued the show-cause order under Rule 11(c)(3) before voluntary dismissal or settlement of the claims made by or against the party that is, or whose attorneys are, to be sanctioned").

Violation of Rule 11(b) can, after notice and reasonable opportunity to respond, result in sanctions:

> If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. . . .

Fed. R. Civ. P. 11(c); *see also* Local Rule 11.1 (allowing the court to sanction a party for failure to comply with the Local Rules).

## IV.  DISCUSSION

### A.    Rule 11 Sanctions Are Warranted

As applied to complaints, the Ninth Circuit has interpreted the Rule 11 standard as requiring a "'a two-prong inquiry to determine (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and

filing it.'" *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005) (quoting *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002)). A complaint is "frivolous" if it "is *both* baseless *and* made without a reasonable and competent inquiry." *Id.* (quotations omitted). The court addresses these prongs in turn.

### 1. *Whether the Amended Complaint Is Legally or Factually Baseless from an Objective Perspective*

The August 26, 2011 OSC outlined that several claims in the Amended Complaint appeared legally baseless, and Horner's Response fails to persuade the court this conclusion is incorrect.

For example, the August 26, 2011 OSC explained that the June 1, 2011 Order dismissed Plaintiff's claims for unconscionability, failure to act in good faith, and negligent and/or intentional infliction of emotional distress for failure to state a claim, but with leave to amend if possible. The Amended Complaint included these same claims (Counts VI, IX, and XIII) once again, without any apparent substantive changes from the Complaint. In other words, except for changing some minor wording, Horner sets forth the same general allegations in support of these claims and failed to substantially amend these claims in any manner whatsoever to address the deficiencies of these claims outlined in the June 1, 2011 Order.

In light of the June 1, 2011 Order's dismissal of these claims,

Horner's decision to present these same claims in the Amended Complaint without any substantive changes appears legally baseless, and Horner fails to explain how, in light of the June 1, 2011 Order, *any* of these claims has a legal and/or factual basis. For example, Horner argues that the unconscionability claim is based on the fact that the originator of the loan committed various misdeeds, including falsifying Plaintiff's income, failing to follow generally accepted underwriting standards, using a wrong DTI ratio, and failing to disclose illegal activities. Doc. No. 37, Pl.'s Resp. ¶ 9. But this argument itself is frivolous -- the June 1, 2011 Order rejected that Plaintiff could base an unconscionability claim on such conduct, and explained that this claim can be asserted only "to prevent the enforcement of a contract whose *terms* are unconscionable." Doc. No. 21, June 1, 2011 Order at 24. In other words, Horner made no efforts to state this claim based on any unconscionable contract terms and clearly should have known this claim was legally baseless in light of the June 1, 2011 Order.

As to their claim of failure to act in good faith, Horner argues that this claim is warranted because Defendants failed to act in a fair manner where Plaintiff was offered a loan modification and the servicer proceeded with foreclosure anyway. Doc. No. 37, Pl.'s Resp. ¶ 10. This argument ignores that Horner included these same facts in the Complaint and they were specifically found to be

insufficient to state a claim -- the June 1, 2011 Order explained that a party cannot breach the covenant of good faith *before a contract is formed*. Again, Horner provides no reason why, given the June 1, 2011 Order, this claim has any basis in law or fact.

As to their emotional distress claim, Horner argue that this claim is warranted in light of Plaintiff's efforts at loan modification and Defendants' foreclosure, Doc. No. 37, Pl.'s Resp. ¶ 11, but the June 1, 2011 Order already dismissed this same claim on the basis that its allegations are "simply too generalized and lacking clarity to satisfy the requirements of Rule 8." Doc. No. 21, at 36. Horner made no attempt to clarify the emotional distress claim by alleging in any meaningful way how Defendants' various alleged misdeeds caused her emotional distress. Accordingly, presenting this claim once again without any substantive changes is objectively baseless.

The August 26, 2011 OSC also explained that the Amended Complaint's claims for TILA damages and Real Estate Settlement Procedures Act of 1974 ("RESPA") claims based on consummation of the loan appeared to be baseless because the June 1, 2011 Order dismissed these claims as time-barred, and the Amended Complaint included no allegations suggesting a basis for equitable tolling of the applicable statutes of limitations. In response, as to the RESPA claim

9

(and presumably the TILA damages claim as well), Horner "ha[s] no comment."[1]

Doc. No. 37, Pl.'s Resp. ¶ 14. The court therefore finds these claims legally and

factually baseless.

As to the Amended Complaint's claim for injunctive relief (Count X),

the August 26, 2011 OSC explained that this claim had already been dismissed

*without leave to amend* on the basis that a claim for injunctive relief, standing

alone, is not a cause of action. *See* Doc. No. 21, June 1, 2011 Order at 31-32. In

response, Horner asserts that such claim is appropriate because they are seeking

declaratory and injunctive relief. Doc. No. 37, Pl.'s Resp. ¶ 12. The June 1, 2011

Order clearly explained, however, that "injunctive relief may be available if

Plaintiff is entitled to such a remedy on an independent cause of action," but "a

claim for 'injunctive relief' standing alone is not a cause of action. Doc. No. 21,

June 1, 2011 Order at 32. Horner had no basis to allege this claim once again.

Finally, the August 26, 2011 OSC explained that the Amended

Complaint's claim for TILA rescission appeared baseless because the June 1, 2011

Order dismissed the TILA rescission claim "without leave to amend," and the

August 12, 2011 Order explicitly warned Plaintiff that her proposed Amended

---

[1] Horner does not specifically address the TILA damages claim in their Response such that the "no comment" response as to RESPA appears to apply equally to the TILA damages claim.

10

Complaint could not include a TILA rescission claim. Horner's response to the August 26, 2011 OSC -- that "the successor lender fraudulently concealed the right to rescind" -- does not change the fact that Plaintiff was not granted leave to amend this claim. And if Horner had adequately analyzed the June 1, 2011 Order, he would know that an assertion of fraudulent concealment cannot save an untimely TILA rescission claim -- the June 1, 2011 Order explained that the TILA rescission statute, 15 U.S.C. § 1635(f), is an absolute statute of repose barring "any [TILA rescission] claims filed more than three years after the consummation of the transaction." *Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164 (9th Cir. 2002) (citing *King v. California*, 784 F.2d 910, 913 (9th Cir. 1986)). Equitable tolling does not apply. *See Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998).

In sum, the court finds that the Amended Complaint's claims for unconscionability, failure to act in good faith, negligent and/or intentional infliction of emotional distress, injunctive relief, RESPA (to the extent based on the consummation of the loan),[2] and TILA damages and rescission are legally baseless.

---

[2] The court recognizes that the Amended Complaint also asserts a RESPA violation for failure to respond to a Qualified Written Request. The court does not at this time address the sufficiency of this allegation. In fact, no party should draw any conclusion as to the adequacy of the remaining claims -- the court simply is not addressing them in this Order.

**2.** ***Whether Horner Has Conducted a Reasonable and Competent Inquiry Before Signing and Filing the Amended Complaint***

The purpose of this second inquiry is "to assist courts in discovering whether an attorney, after conducting an objectively reasonable inquiry into the facts and law, would have found the complaint to be well-founded." *Holgate*, 425 F.3d at 677 (citing *Christian*, 286 F.3d at 1127).

The court is at a loss of how any objectively reasonable attorney, after reading the June 1, 2011 Order, would have concluded that any of the six claims discussed above were well-founded. The June 1, 2011 Order explained precisely what Horner must do to allege certain claims, and also dismissed other claims without leave to amend. Horner clearly failed to follow the instructions of the June 1, 2011 Order. As the August 26, 2011 OSC explained, if Horner disagreed with the June 1, 2011 Order, he could either choose not to file an amended complaint and instead appeal the dismissal, or file an amended pleading that attempts to correct the deficiencies of the original pleading. In this case, Horner did neither.

Perhaps most shocking, however, is that Horner's response to the August 26, 2011 OSC shows a total lack of recognition of his violation of this court's June 1, 2011 Order or his Rule 11 obligations. Most striking, Horner attempts to explain the appropriateness of realleging claims for injunctive relief and TILA rescission even though the court dismissed the claims without leave to

amend.  Horner's excuses for his conduct only emphasize his lack of understanding regarding his responsibilities to this court.

For example, Horner asserts that he cannot "do everything personally" and relied on the assistance of others.  Doc. No. 37, Pl.'s Resp. ¶ 2.  Horner further asserts that he "concluded the claims could be alleged because we were informed everyone took care to comply with the court's order." *Id.* ¶ 8.  That Horner is busy and relied on others is not an excuse -- by submitting and signing a pleading, Horner is certifying that to the best of his "knowledge, information, and belief, formed after an inquiry reasonable under the circumstances [that] the claims . . . are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law."  Fed. R. Civ. P. 11(b)(2).  Horner's Rule 11 obligations apply in each case and to all documents he presents to the court, and apply regardless of who he relies on to help him or how many other cases he has pending that require his attention.[3]

_____

[3]  At the time of this Order, Horner is listed as counsel in twenty-eight open cases in the District of Hawaii.  Horner has been warned of his Rule 11 duties and/or sanctioned for failure to follow the court's Rules in several cases.  *See, e.g.*, *Moniz v. Am. Home Mortg. Servicing, Inc.*, 2011 WL 2746805, at *5 (D. Haw. July 13, 2011) ("Counsel is reminded that he must have a good faith basis for bringing specific claims to avoid possible sanctions."); *Dagupion v. Green Tree Servicing, LLC*, 2011 WL 2532848, at *4 (D. Haw. June 23, 2011) (warning Horner that "[a]ny future filing that fails to comply with [his Rule 11] obligations may result in serious repercussions, including but not limited to substantial financial sanctions."); *Levy v. Wells Fargo Bank*, 2011 WL 2493055, at *2 (D. Haw. June 22, 2011) (outlining a number of Local Rules Horner failed to follow and warning him that "if he violates these rules again, or if he continues
(continued...)

Horner also asserts that "we" reviewed various documents which he believed supported the claims he was asserting. Doc. No. 37, Pl.'s Resp. ¶ 5. This assertion is hard to believe -- if Horner had simply reviewed the June 1, 2011 Order when crafting the Amended Complaint, he would have known that the six claims discussed above were wholly deficient and/or improper. And for the most part, Horner did not include additional facts that would support his claims.

Horner further suggests that he should be granted "latitude" because "we live in unprecedented times where rampant and unrestrained greed of lending and servicing entities have caused an economic crisis the likes of which most of us have not seen in our lifetimes," and the court must be "flexible as to allow justice to be served." Doc. No. 37, Pl.'s Resp. ¶ 18. Whatever the recent events may be, they do not give litigants a reprieve from their obligations to state legally cognizable claims pursuant to Rules 8, 11, and 12, and they certainly do not give litigants a license to ignore clear orders from this court.

---

[3](...continued)
to flout the court's local rules, he will be subject to sanctions."); *Cootey v. Countrywide Home Loans, Inc*., 2011 WL 2441707, at *3 (D. Haw. June 14, 2011) (listing cases that have dismissed a similar complaint brought by Horner, and warning that "these deficient complaints result in a waste of parties' and this court's resources, and Plaintiffs' counsel must be mindful of his duty to bring claims that are 'warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.'" (quoting Federal Rule of Civil Procedure 11(b)(2))). The court does not, however, take into consideration Horner's myriad violations of court rules in other cases in determining that Rule 11 sanctions should issue in this case, or the amount of the sanction. Horner is cautioned, however, that any future Rule 11 violations would likely result in increased sanctions.

Finally, Horner argues that "the alleged violations were not done intentionally and in flagrant disregard of any court order . . . ." Doc. No. 37, Pl.'s Resp. ¶ 16.[4] This argument ignores that a Rule 11 violation does not require intentional misconduct, and the court need not (and does not at this time) make any finding as to subjective bad faith. Indeed, "[c]ounsel can no longer avoid the sting of Rule 11 sanctions by operating under the guise of a pure heart and empty head." *See Smith*, 31 F.3d at 1488. Viewed objectively, the claims in the Amended Complaint were baseless and no reasonable attorney would have included them as pled after the June 1, 2011 Order.

In sum, based on the information known to Horner at the time he filed the Amended Complaint (in particular, the June 1, 2011 Order), the court concludes that Horner did not conduct an objectively reasonable inquiry into the facts and law. The court therefore finds that Rule 11 sanctions are warranted.

---

[4] At the September 12, 2011 hearing, Horner reiterated that he did not submit the Amended Complaint with any bad intentions. He further asserted that although he is very busy and relies on others in his office to perform certain tasks, he understands that he is ultimately responsible for what he submits to the court. The court appreciates Horner's candor in acknowledging how he came to submit the Amended Complaint, and makes no finding of bad faith at this time. The court expects that now that Horner is aware of what he must do to comply with Rule 11, he will make the necessary changes in how he runs his office to prevent another Rule 11 violation. If the another similar violation occurs, Horner's excuse of being too busy -- in light of these warnings of what he must do to comply with Rule 11 -- may be insufficient to suggest a lack of subjective bad faith.

**B.     Appropriate Sanctions**

A determination of sanctions is largely within the discretion of the court, with these principles in mind:

> A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated.  The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

Fed. R. Civ. P. 11(c)(4).  "[T]he court must not impose a monetary sanction . . . against a represented party for violating Rule 11(b)(2)."  Fed. R. Civ. P. 11(c)(5)(A).

Weighing the extent of the Rule 11 violation as well as the need to deter repetition of similar conduct in both this action and in other actions, the court finds that sanctions against Horner are warranted.   Specifically, the court finds appropriate a monetary sanction against Horner in the amount of $750.00 payable to the court.  Although the court makes no finding as to subjective bad faith, Horner has unquestionably ignored the court's previous warnings as to his Rule 11 obligations.  This monetary sanction is limited but nonetheless appropriate to deter future conduct by Horner in this and other actions, and to deter comparable

conduct by others similarly situated.

The court does not at this time, however, sanction Plaintiff as previously contemplated by striking the objectively baseless claims discussed above from the Amended Complaint. The court finds that Plaintiff should not be penalized for her counsel's Rule 11 violation; dismissal of claims is more appropriate through Rules 8 and 12. *See PAE Gov't Servs., Inc. v. MPRI, Inc.* 514 F.3d 856, 859 n.3 (9th Cir. 2007). Because several of the claims in the Amended Complaint are frivolous, however, -- either because the court dismissed them without leave to amend and/or Plaintiff did not change the allegations to correct the deficiencies the court previously identified -- the court will grant Plaintiff one more opportunity to amend her Complaint to comply with Rule 11. If Plaintiff chooses, she may file a Second Amended Complaint by September 27, 2011. A responsive pleading to either the Amended Complaint or Second Amended Complaint (if filed) is due by October 21, 2011.

## V. <u>CONCLUSION</u>

Based on the above, the court SANCTIONS Horner $750.00 for violation of Federal Rule of Civil Procedure 11. By September 19, 2011, Horner shall deliver a check for $750, payable to "Clerk, U.S. District Court." The check should reflect the notation "Civ. No. 11-00142 JMS/KSC;" and the payment

should be accompanied by a copy of this Order.

   If Plaintiff chooses, she may file a Second Amended Complaint by September 27, 2011.  A responsive pleading to either the Amended Complaint or Second Amended Complaint (if filed) is due by October 21, 2011.

   IT IS SO ORDERED.

   DATED:  Honolulu, Hawaii, September 13, 2011.



        /s/ J. Michael Seabright
        _____
        J. Michael Seabright
        United States District Judge

*Rey v. Countrywide Home Loans, Inc., et al.*, Civ. No. 11-00142 JMS/KSC, Order (1) Issuing Rule 11 Sanctions Against Plaintiff's Counsel, Robin Horner; and (2) Granting Leave to File a Second Amended Complaint